IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Therese Richards | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19 CV 6641 |
| | ) |
| | ) The Honora |
| Autumn Woods, Ltd. | ) Magistrate Judge: |
| And | ) |
| Garry Dedick | ) |
| And | ) |
| Yvonne Dedick | ) |
| individually and in their | ) |
| Official capacities as an "employer" as defined | ) |
| Under Illinois law and FLSA | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Therese Richards , ("Plaintiff") by and through her undersigned counsel of record, John C. Ireland of the Law Office of John C. Ireland and complains against the Corporate Defendant, Autumn Woods, Ltd., and Garry Dedick and Yvonne Dedick, individually and in their official capacity as an "employer" as defined under Illinois law and under the FLSA, as follows:

### INTRODUCTION

1. This case is filed based on Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA") and the Illinois Minimum Wage Law (hereinafter "IMWL") and common law breach of contract, and the Illinois Wage Payment and Collection Act (Hereinafter "IWPCA").

2. This case is filed under the Fair Labor Standards Act ("FLSA"), to recover unpaid wages for unpaid salary, minimum wage and/or overtime work performed for which Plaintiff was

1

not paid, liquidated damages, interest, ttorney fees and costs and all other relief due and just.

    3.    Plaintiff performed as an employee of Defendants for twenty-one years.

    4.    Throughout the Plaintiff's employment, the Plaintiff performed numerous work tasks for the benefit of the employer and the employer failed to compensate the Plaintiff for his labors and benefits provided to the Defendants.

    5.    Plaintiff requests includes payment of compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices, and attorneys' fees and costs.

## PARTIES

    **a.**    **Plaintiff**

    6.    Plaintiff, Therese Richards, is an individual resident of Illinois and is a former employee of the Defendants who, within the applicable period of limitations prior to the commencement of this action, unlawfully of deprived Plaintiff of benefits and/or wages due and owing to her by Defendants.

    **b.**    **Defendants**

    7.    Defendant, Autumn Woods, Ltd., is a corporation doing business in the State of Illinois.

    8.    Defendant, Autumn Woods, hereinafter will be referred to as "Defendant" and/or "Autumn Woods" and will include but not be limited to Defendant, all subsidiaries, agents, successors, parent corporations.

    9.    Individual Defendants Garry and Yvonne Dedick were the Plaintiff's direct supervisors at Autumn Woods, Ltd and is named individually and in their official capacity as an

"employer" as defined under Illinois wage law and/or the FLSA. (Hereinafter referred to as "Individual Defendants").

10. Individual Defendants are part-owner, business partner, and/or managerial employee of Autumn Woods, Ltd and is named individually and in their official capacity as an "employer" as defined under Illinois wage laws and/or the FLSA.

11. Autumn Woods, Ltd employed the Plaintiff, receiving her services, and benefiting from her labors and supervising her employment.

12. At all times relevant hereto, Corporate Defendant was an employer engaged in an industry affecting commerce and affecting commerce.

## JURISDICTION AND VENUE

13. Jurisdiction over the causes of action contained in this Complaint is conferred by 28 U.S.C. § 1331, as same arises under the laws of the United States. This action is brought pursuant to the Fair Labor Standards Act (FLSA).

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Defendants employed Plaintiff in this judicial district, Defendant does business in this judicial district, and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

15. Jurisdiction is established as Defendants and Plaintiff both engaged in Commerce, selling items from outside of the State of Illinois, and/or reselling items to the ultimate consumer purchased by Defendants from out of state and resold to the ultimate consumer inside the state of Illinois.

16. These items include numerous items used in home remodeling, house construction and rehabbing; such as cabinets, hardwoods, softwoods and metal parts.

17. Jurisdiction is also established as Defendants sales were in excess of $500,000 per year.

## **STATEMENT OF FACTS REGARDING OWED WAGES BASED ON FLSA VIOLATIONS**

18. Plaintiff was employed by Defendant for twenty-one years, ending in mid-2019.

19. Plaintiff was to be paid a salary by Defendants.

20. Beginning in 2014 Plaintiff began to not receive her salary, despite Plaintiff having worked for Defendants during the relevant weeks.

21. For these weeks Plaintiff simply did not receive a pay check.

22. The occasions when the failure to pay occurred, continued and increased in occurrences, from 2014 to 2019.

23. Defendants acknowledged that Plaintiff was owed wages.

24. This is demonstrated where Plaintiff began to receive some repayment of the missed paychecks; Plaintiff receiving from $100 to $500 in added compensation over the period from 2015-2018.

25. The total owed wages at one point was approximately $45,0000.00

26. In the efforts to repay the owed wages, Defendants made approximately $15,000.00 in repayments, in added compensation.

27. However, the payments were made without making Plaintiff whole for the failures to pay on a timely basis.

28. For example a payment owed in 2014, paid in 2015 or 16, should have included various penalties, liquidated damages, IMWL 2% penalty, 2% IWPCA penalties, thus even for the "paid back" wages, the Plaintiff is still owed considerable compensation.

29. However, Defendants still owe Plaintiff approximately $30,000.00 in back wages.

30. Just in 2019, Plaintiff failed to be paid for the following weeks of work: 1/18/19, 2/8, 2/15, 3/15, 3/29, 4/5, 5/3, 5/31, 6/28, 7/12, 7/19.

31. Further Defendants financial situation does not support the Defendants failure to pay, as Plaintiff witnessed Defendants spending money freely both personally and professionally.

32. Defendants personally took extended exotic expensive vacations (while [Plaintiff struggled to feed her children] and purchased expensive automobiles (while Plaintiff drove her older model car).

33. Defendants business likewise engaged in spendthrift purchases of equipment and other frivolous items. (while Plaintiff took out a second mortgage to survive).

34. These are prima facia violations of the Fair Labor Standards Act (FLSA) as the Defendants utterly failed to pay the Plaintiff a single dollar for the weeks named above, thus Defendants owe Plaintiff minimum wage under both state and federal law.

35. The Defendants failed to pay the owed wages despite the benefits provided to the Defendants by Plaintiff.

36. Plaintiff was not an apprentice, trainee or independent contractor.

37. Nor is Plaintiff's employment is also not covered under any of the other FLSA exemptions or exceptions, such as volunteer or agriculture work.

## FACTS REGARDING THE BREACH OF CONTRACT CLAIM

38. The Defendants contract promised a salary.

39. The Plaintiff accepted the terms of the Contract offering a salary.

40. The Plaintiff provided consideration in the form of her work, labors and efforts.

41. Defendants breached this contract by failing to provide any promised

compensation.

42. Plaintiff was damaged by this breach in the amount to be determined by a jury, however Plaintiff is owed approximately $37,641.57 without any penalties, interest or other remedies.

43. Also beginning in January of 2019 Plaintiff also had $68.00 taken from her check every week, but receive no health insurance coverage. For this theft Plaintiff also makes a claim.

**DEFENDANTS' Actions were Willful, Knowledgeable
and/or Had Reckless Disregard for FSLA Regulations**

44. Defendants required and/or permitted Plaintiff to work and Defendants' did not pay Plaintiff for all (any) of these work hours.

45. Defendants' unlawful conduct has been uniform, widespread, repeated and consistent.

46. Defendants were aware that Plaintiff worked and was not paid any owed wages including his salary, and/or , minimum wage or his overtime wages.

47. Defendants' have willfully operated a scheme to deprive this employee of his earned salary by deliberately not paying her.

48. Defendant's conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff.

49. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

50. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

## FIRST CLAIM FOR RELIEF
### Claims for Wages
### Under Fair Labor Standards Act
### Brought as an Individual Action

51. Plaintiff realleges and incorporates by reference the all paragraphs contained within this complaint, as if fully set forth herein.

52. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

54. At all relevant times, Defendant has engaged, and continue to engage, in a willful policy, pattern, or practice of failing to pay owed salary compensation to Plaintiff.

55. Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendant failed to prevent.

56. At all relevant times, the work performed by Plaintiff as for service to Defendant and were and continue to be, required or permitted by Defendant, for the benefit of Defendant, directly related to such employee's principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

57. As a result of the Defendant willful failure to record or compensate its employees, including Plaintiff, employed by Defendant's for all hours worked, Defendant have violated, and continue to violate, the records hours provision of the FLSA.

58. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed at Defendant, including the Plaintiff, Defendant has failed

to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

59. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of the respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

60. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

61. Plaintiff has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62. At all times relevant to this action Plaintiff was employed by Defendant within the meaning of the FLSA.

63. At all times relevant to this action, Defendant was engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray's for the following relief:

A    Payment of unpaid wages and liquidated damages pursuant to the FLSA,

29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

  B. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IMWL and other state wage laws;

  C. Compensation originating from Defendant company policies, contractual obligations requirements owed as a result of unpaid wages;

  D. An injunction requiring Defendant to pay all statutorily-required wages pursuant to Illinois Law;

  E. An injunction requiring Defendant to pay all statutorily-required wages pursuant to Illinois Law;

  F. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

  G. Attorneys' fees and costs of this action; and

H. Such other relief as this Court shall deem just and proper.

## SECOND CLAIM FOR RELIEF
**Claims for wages and benefits due
Under the
Illinois Wage Payment and Collection Act ( the IWPCA)**

65. Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

66. This cause of action arises out of employment contracts and/or IWPCA Agreements, written and oral.

67. Plaintiff worked for and was employed by Defendants.

68. Plaintiff was hired and employed under an oral and/or written Agreement.

69. Plaintiff worked for Defendants for twenty-plus years.

70. Defendant's Defendants failed to pay any owed pay and benefits as alleged in this complaint.

71. For public policy reasons, 'an employee shall receive all benefits upon leaving his/her employer'.

72. The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

73. The Wage Law provides, in relevant part, that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 11/2 times the regular rate at which he is employed." 820 ILCS 105/4a (West 2002).

74. Plaintiff was under the control and direction of Individual Defendants and Corporate Defendant Autumn Woods, Ltd and/or its agents during the period of the Plaintiff's employment under his contracts of service and in fact.

75. Plaintiff was not an independent contractor, rather was an employee of the Defendants by oral agreement and/or written agreement.

76. Plaintiff's employment was in the usual course of business for which such service is performed.

77. Plaintiff did not have a proprietary interest in the Defendants.

78. The Defendants' are "employers" under the terms of the IWPCA section 2.

79. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Individual Defendant McGready is an employer under the definition of employer in the IWPCA, because Individual Defendants knowingly permitted and directed the violation of the Act (IWPCA).

80. It is alleged that Individual Defendants are officers and agents of the Defendants who knowingly permitted such employer to violate the provisions of this Act, therefore should be deemed to be the employers of the employee of the corporation.

81. Plaintiff's demand her compensation for a sum not exceeding the amount due and owed.

**WHEREFORE**, Plaintiff respectfully request that this Honorable

Court enter judgment in his favor as follows:

A. Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the supporting Illinois Department of Labor regulations;

B. Liquidated damages in accordance with the IWPCA and IMWL.

C. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D. Consequential damages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

H. Attorneys' fees in accordance with the IWPCA;

I. and costs of this action; and

J. Such other relief as this Court shall deem just and proper

## THIRD CLAIM FOR RELIEF

### Breach of Written and/or Oral Contract

82. Plaintiff realleges and incorporates by reference all paragraphs of this complaint, as if fully set forth herein.

83. Plaintiff and Defendant entered into oral and/or written employment contracts.

84. Defendant failed to pay all promised benefits or compensation as alleged elsewhere in this complaint.

85. Plaintiff provided consideration in the form of her employment and labors to the Defendant and the Defendant provided all of the promised compensation, in mutual consideration of the above-described contract.

86. Defendant, by failing to pay all of her compensation, thereby breached the contracts with Plaintiff.

87. Because of the breach of contract the Plaintiff suffered and continues to suffer losses and damages due to the actions of the Defendant.

WHEREFORE, Plaintiff prays for the following relief:

A. Unpaid wages and liquidated damages pursuant to the parties oral and/or written contract;

B. Compensatory damages;

C. Consequential damages;

D. Attorneys' fees and costs of this action; and

E. Such other relief as this Court shall deem just and proper.

## FOUTH CLAIM FOR RELIEF

### Under the Illinois Minimum Wage Law "IMWL"

88. Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

89. Plaintiff is an employee of the Defendant pursuant to the IMWL.

90. Plaintiff is employed by Defendants as a salaried employee.

91. Defendant derived benefits by Plaintiff's work.

92. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

93. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## JURY DEMAND

## TRIAL DEMANDED ON ALL CLAIMS SO TRIABLE

Respectfully Submitted,

By: _____/S/ John C. Ireland __

John C. Ireland

13

The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL 60177
630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137

Dated 10/7/19